Case 2:13-cv-00648-KG-CG   Document 1   Filed 07/12/13   Page 1 of 15

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

13 JUL 12 PM 4:07

CLERK-LAS CRUCES

William Emil Samland III
418 Peery Pkwy
Golden, CO 80403
(323) 387- 9402
williamwesiii@gmail.com

UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

13CV648 CEG

| WILLIAM EMIL SAMLAND III, | COMPLAINT |
|---|---|
| Plaintiff, | |
| vs. | 1. BIVENS - KIDNAPPING<br>2. BIVENS - FALSE ARREST |
| JANE DOE, JOHN DOE #1, JOHN DOE #2, U.S. CUSTOMS AND BORDER PROTECTION | 3. BIVENS - FALSE IMPRISONMENT<br>4. BIVENS - ILLEGAL SEIZURE<br>5. BIVENS - RIGHT TO COUNSEL<br>6. BIVENS - HARASSMENT |
| Defendant | 7. BIVENS – NEGLIGENCE 8. BIVENS - NEGLIGENT SUPERVISION<br>9. FOIA - 5 USC § 552 |

Comes now the plaintiff, William Emil Samland III, acting pro se, complaining and alleging as follows:

**I. GENERAL ALLEGATIONS**

1. The incident in question that is the subject of this litigation occurred in the geographic area of "New Mexico", specifically at the Las Cruces border patrol checkpoint, which is located on the I-10 Freeway approximately 22 miles west of Las Cruces, New Mexico.

2. I have jurisdiction to bring this matter before this court and sue in this court, and jurisdiction is proper in United States District Court, District of New Mexico; the defendants Jane Doe, John Doe#1, and John Doe #2 were acting under color of law as federal agents working for the U.S. Customs and Border protection(CBP), in the geographic area of "New Mexico", when they acted

1

to violate my rights in the incident in question.

3. Further, jurisdiction is proper in this court for the Freedom of information action vs. the U.S. Customs and Border Protection; the U.S. Customs and Border Protection are a federal agency of The United States of America, and operates in the geographic area of New Mexico, and has operated in the geographic area of New Mexico since the day of the incident in question (July 13, 2012) and since I filed a freedom of information act request with the U.S. Customs and Border Protection, filed on December 21, 2012, File Number 2013U00627.

4. The names of defendants Jane Doe, John Doe #1, and John Doe #2 are presently unknown to plaintiff, and after such time as their names become known, plaintiff intends to amend this complaint to reflect their true legal names.

## II. PARTIES

**PLAINTIFF**

5. William Emil Samland III brings these causes of action pursuant to vs. Bivens v. Six Unknown Fed. Narcotics Agents - 403 U.S. 388 (1971), and the freedom of information Act (FOIA), 5 USC § 552.

**DEFENDANTS**

6. Border Patrol Agent Jane Doe acted to kidnap, falsely arrest, falsely imprison, illegally seize, and harass plaintiff. Defendant Jane Doe was negligent in her duties to protect plaintiff from harm. Defendant Jane Doe acted to obstruct plaintiff's right to counsel. Defendant Jane Doe acted to illegally seize plaintiff's property. At all times during the incident in question, defendant Jane Doe was acting under color of law, wearing a border patrol uniform and carrying a gun.

7. Border Patrol Agent John Doe #1 acted as Jane Doe's accomplice in the kidnapping, false

2

arrest, false imprisonment, illegal seizures of plaintiff's person and property, harassment, and obstruction of plaintiff's right to counsel and was negligent in his duties to protect plaintiff from harm. Further, defendant John Doe #1 acted to falsely imprison, and harass plaintiff and illegally seize plaintiff's person and property and to obstruct plaintiff's right to counsel. At all times during the incident in question, defendant John Doe #1 was acting under color of law, wearing a border patrol uniform and carrying a gun.

8. Border Patrol Agent John Doe #2 was negligent in his duties to supervise Jane Doe, and John Doe #1, and was negligent in his duties to protect plaintiff from harm. Further, defendant John Doe #2 acted to falsely imprison and harass plaintiff, illegally seize plaintiff's person and property, and obstruct plaintiff's right to counsel. At all times during the incident in question, defendant John Doe #2 was acting under color of law, wearing a border patrol uniform and carrying a gun.

9. U.S. Customs and Border Protection (CBP) is a federal agency. I have been requesting information from them in the form of an e-FOIA, File Number 2013U00627, which is a freedom of information act request made through their website. The information is related to the incident which gives rise to the claims against the other defendants, and the CBP is the employer of the other defendants. I believe there is sufficient overlap between the causes of action against the other defendants and the cause of action against CBP to establish joinder.

**II. FACTS**

10. On July 13th, 2012, I was riding as a passenger on a greyhound bus from Dallas to Los Angeles.

11. At about 3:30 in the afternoon on July 13, 2012 the bus I was on was stopped at the Las Cruces border patrol checkpoint, approximately 22 miles west of Las Cruces, on the I-10

3

freeway, in the geographic area of New Mexico.

12. The bus was seized and referred to a secondary inspection.

13. After the bus had been seized, defendants Jane Doe and John Doe #1 boarded the bus. Immediately after boarding the bus, defendant John Doe #1 announced an "immigration inspection" in English and Spanish, as he walked toward the rear of the bus. As part of his announcement he identified himself and Jane Doe as "agentes federales", and "United States Border Patrol."

14. Defendant Jane Doe started questioning passengers near the front area of the bus.

15. Defendant Jane Doe started asking me questions at which point I invoked my right to have an attorney present during questioning. I advised her not to question me without an attorney present.

16. Jane Doe belligerently continued to interrogate me, despite my repeated objections to being subjected to the custodial interrogation without an attorney present.

17. Jane Doe then ordered me and my property off the bus.

18. Jane Doe escorted me (carrying my property from the bus) across the grounds of the checkpoint area to a holding cell in a building on the premises of the checkpoint area, about 50 feet from the secondary inspection area where the bus was parked.

19. Jane Doe ordered me into a holding cell.

20. John Doe#1 entered the cell and told me I was "locked in a room" and "detained" "for not answering questions". John Doe#1 ordered me to stay in the cell.

21. There were no factors present at any time during the incident in question to give any of the defendants probable cause or reasonable suspicion.

22. I am from Indiana, Caucasian, not foreign looking, and I speak fluent English without a

4

foreign accent.

23. John Doe #1 acknowledged that they did not have individualized suspicion, and that the detention was non-consensual.

24. John Doe #1 made terrorist threats of further kidnapping and false imprisonment activity to the effect that if I did not waive my right to have an attorney present during questioning, I would be sent off site, and the bus sent off without me, leaving me stranded.

25. Defendant John Doe #1 belligerently continued to try to interrogate me after I had invoked my right to counsel.

26. Both Jane Doe and John Doe #1 referred to John Doe #2 as "supervisor".

27. Defendant John Doe #2 entered the cell and proceeded to further interrogate me.

28. Defendant John Doe #2 admitted that he knew I was "from here" and told me to just tell him, so I could go.

29. Although he admitted that he knew I was "from here", John Doe #2 participated in the imprisonment and seizure of my person my property anyway, acting under color of law.

30. Further, defendant John Doe #2 asked me, "Aren't you proud to be an American?"

31. After interrogating me, John Doe #2 released me from the imprisonment. He told me to leave and get back on the bus.

32. I got back on the bus and the bus left the checkpoint.

33. During the incident in question, defendants Jane Doe, John Doe #1, and John Doe #2 wore border patrol uniforms, and were armed with holstered guns.

34. During the incident in question, I experienced loss of liberty, loss of freedom, mental anguish, emotional distress, terror, embarrassment, traumatic stress, and humiliation.

35. I started shaking when I was in the cell out of anxiety and terror.

5

36. The incident was very traumatic, and I have experienced suffering related to the incident including mental anguish, emotional distress, terror, embarrassment, and humiliation, post-traumatic stress as well as physical symptoms including anxiety and rapid heartbeat when thinking back to those troubling memories during post-traumatic flashbacks.

37. I made repeated attempts to contact the Border Patrol to ask about what had happened.

38. I also filed a complaint on the internet.

39. The response from Border Patrol was to brush me off. They never notified me of any investigation or results of any investigation. There was never any indication from them that anything substantial resulted from the complaint. They did not answer any of my questions, and did not tell me who the kidnappers were.

40. When I called the CPB headquarters in Washington D.C., I was told a supervisor would call me back within 48 hours; I never got such a call-back.

41. After several phone calls, I was told that a "Luis Morales" was the "assigned supervisor" of the incident in question, and that he was the one I should talk to.

42. I spoke to Luis Morales on the phone. He told me conflicting stories. In one version, he knew who the agents who abducted me were but refused to tell me. In another version, he said he didn't know who they were, but he said that the information was "readily available". He told me that he was willfully withholding the identities of his colleagues who had abducted me. He was belligerent on the phone, repeatedly interrupted me when I tried to talk and ordered me to never call "the station" again and then hung up the phone on me.

43. I also followed up with a FOIA request, File Number 2013U00627, in the form of an "e-FOIA" which is a request for information made through the CBP website.

44. The FOIA request has been ignored.

45. The FOIA request was filed on Dec.21,2012.

46. As of this writing, the FOIA request is over 5 months overdue for a response from the CBP.

47. The FOIA request specifically asked for documentation of the incident in question and documents containing the full legal names of the agents who abducted me.

**First Cause of Action**
**(Kidnapping: Bivens)**
**(By plaintiff William Emil Samland III against Jane Doe and John Doe #1)**

48. Plaintiff realleges all previous paragraphs of this complaint and incorporates the same herein as if those paragraphs were set forth in full.

49. Defendant Jane Doe illegally seized, asported, kidnapped, and abducted plaintiff in violation of 18 U.S.C. § 1201 : US Code - Section 1201: Kidnapping.

50. Defendant John Doe #1 acted as Jane Doe's accomplice in the crime and tort of kidnapping.

51. Defendant Jane Doe carried out the crime and tort of kidnapping by ordering plaintiff off the bus as it was stopped at secondary inspection and escorting plaintiff across the grounds to a different location in a holding cell and imprisoning plaintiff without any reasonable suspicion or probable cause, acting under color of law and armed with a deadly weapon.

52. Defendants Jane Doe and John Doe #1 are not entitled to qualified immunity; it was clearly established at the time of the incident in question that such conduct was illegal.

53. See the court's opinion in United States v. Martinez-Fuerte, 428 U.S. 543 (1976):

"*our holding today is limited to the type of stops described in this opinion. -[A]ny further detention...must be based on consent or probable cause.*"

54. The types of stops described in the Court's opinion are specifically described as brief stops in

which the occupants of a vehicle are questioned. Ordering someone out of their vehicle and locking them in a cell is clearly within the purview of the court's intended meaning of "further detention".

55. The defendants did not have plaintiff's consent or probable cause, nor did they have any reasonable suspicion.

56. This pattern of conduct violated my 4th amendment rights.

**Second Cause of action:**
**(False arrest: Bivens)**
**(By plaintiff William Emil Samland III against Jane Doe, John Doe #1, John Doe#2)**

57. Plaintiff realleges all previous paragraphs of this complaint and incorporates the same herein as if those paragraphs were set forth in full.

58. Defendant Jane Doe in directing plaintiff off of the bus, across the grounds and into the cell without any probable cause or reasonable suspicion effectuated a false arrest.

59. Defendant John Doe #1 acted as Jane Doe's accomplice in effectuating the false arrest.

60. This pattern of conduct violated my 4th amendment rights.

61. Defendants Jane Doe and John Doe #1 are not entitled to qualified immunity; it was clearly established at the time of the incident in question that such conduct was illegal.

62. See Culombe v. Connecticut - 367 U.S. 568 (1961), Mallory v. United States, 354 U.S. 449, 454 (1957), California v. Hodari D. - 499 U.S. 621 (1991), Dunaway v. New York - 442 U.S. 200 (1979).

**Third Cause of action:**
**(False imprisonment: Bivens)**
**(By plaintiff William Emil Samland III against Jane Doe, John Doe #1 and John Doe #2)**

63. Plaintiff realleges all previous paragraphs of this complaint and incorporates the same herein

8

as if those paragraphs were set forth in full.

64. Defendants Jane Doe, John Doe #1, and John Doe #2 all participated in the false imprisonment by holding plaintiff captive under color of law in the holding cell.

65. Defendant Jane Doe escorted me to the cell area and ordered me into the cell under circumstances in which a reasonable person would not feel free to leave, acting under color of law.

66. John Doe #1 told me to stay in the cell, and told me I was "locked in a room" and "being detained" "for not answering questions".

67. John Doe #1 acknowledged that there was no individualized suspicion, and that the detention was non-consensual.

68. There was no probable cause nor reasonable suspicion nor any legal justification for the imprisonment. John Doe #2 entered the cell and admitted he knew I was "from here". The reasonable inference one can draw from such a statement is that he did not suspect me of being an alien, but recognized me as American.

69. Further, he asked me, "Aren't you proud to be an American?"

70. He said he knew I was "from here", and to just tell him so I could go.

71. Both Jane Doe and John Doe #1 referred to John Doe #2 as "supervisor".

72. From the context of the situation, it was clear that I was being held captive by John Doe #2, and that he was representing himself as having authority to hold me in the cell, in circumstances under which a reasonable person would not have felt free to leave.

73. Also, none of the defendants had probable cause or reasonable suspicion or any rational legal justification to imprison me in such a manner.

74. After a while, Defendant John Doe #2 told me to leave, so it was obvious he was the

9

"gatekeeper" who had the position to decide whether to release me, however, for a while, he chose not to.

75. This pattern of conduct violated my 4th amendment rights.

76. Defendants Jane Doe, John Doe #1, and John Doe #2 are not entitled to qualified immunity; it was clearly established at the time of the incident in question that such conduct was illegal.

**Fourth Cause of action:**
**(Illegal Seizure: Bivens)**
**(By plaintiff William Emil Samland III against Jane Doe, John Doe #1 and John Doe #2)**

77. Plaintiff realleges all previous paragraphs of this complaint and incorporates the same herein as if those paragraphs were set forth in full.

78. The pattern of conduct engaged in by the Defendants Jane Doe, John Doe #1, and John Doe #2 constituted an illegal seizure.

79. This pattern of conduct violated my 4th amendment rights.

80. Defendants Jane Doe, John Doe #1, and John Doe #2 are not entitled to qualified immunity; it was clearly established at the time of the incident in question that such conduct was illegal.

**Fifth Cause of action:**
**(Right to counsel: Bivens)**
**(By plaintiff William Emil Samland III against Jane Doe, John Doe #1 and John Doe #2)**

81. Plaintiff realleges all previous paragraphs of this complaint and incorporates the same herein as if those paragraphs were set forth in full.

82. At the outset of the custodial interrogation when we were still on the Bus, right after Jane Doe contacted me, I invoked my right to counsel.

83. I specifically advised Jane Doe not to question me without an attorney present.

84. I was then kidnapped, falsely arrested, illegally seized, harassed, and falsely imprisoned for

no legitimate reason, except to retaliate against me for invoking my right to counsel and to coerce me into waving my right to have an attorney present during questioning.

85. The abusive and illegal pattern of conduct engaged in by the defendants was purposely directed toward obstructing me in my right to counsel, and served no legitimate purpose. I repeatedly asserted my right to counsel, yet the defendants Jane Doe, John Doe #1, and John Doe #2 continued harassing me and belligerently trying to interrogate me anyway.

86. This pattern of conduct violated my 5th and 6th amendment rights.

87. Defendants Jane Doe, John Doe #1, and John Doe #2 are not entitled to qualified immunity; it was clearly established at the time of the incident in question that such conduct was illegal.

88. See Miranda v. Arizona - 384 U.S. 436 (1966):

*(e) If the individual indicates, prior to or during questioning, that he wishes to remain silent, the interrogation must cease; if he states that he wants an attorney, the questioning must cease until an attorney is present.*

**Sixth Cause of action:**
**(Harassment: Bivens)**
**(By plaintiff William Emil Samland III against Jane Doe, John Doe #1 and John Doe #2)**

89. Plaintiff realleges all previous paragraphs of this complaint and incorporates the same herein as if those paragraphs were set forth in full.

90. After I had advised them not to question me without an attorney present, the defendants Jane Doe, John Doe #1, and John Doe #2 continued to interrogate in a belligerent manner that served no legitimate purpose, since I had invoked my right to counsel already.

91. Further, defendant John Doe#1 made terrorist threats to the effect that I would be sent off site, and the bus sent on its way, leaving me stranded. Such threats serve no lawful purpose, but rather served to retaliate against me for invoking my right to counsel, to coerce me into waving my

11

rights, and to harass, annoy, seriously alarm and terrorize me in violation of New Mexico Statute 30-3A-2.

92. This pattern of conduct violated my 5th and 6th amendment rights, as well as 4th amendment rights since it is inherently unreasonable, and was part of a larger pattern of conduct constituting an illegal seizure.

93. Defendants Jane Doe, John Doe #1, and John Doe #2 are not entitled to qualified immunity; it was clearly established at the time of the incident in question that such conduct was illegal.

94. See Miranda v. Arizona - 384 U.S. 436 (1966):

(e) *If the individual indicates, prior to or during questioning, that he wishes to remain silent, the interrogation must cease; if he states that he wants an attorney, the questioning must cease until an attorney is present.*

**Seventh Cause of action:**
**(Negligence: Bivens)**
**(By plaintiff William Emil Samland III against Jane Doe, John Doe #1 and John Doe #2)**

95. Plaintiff realleges all previous paragraphs of this complaint and incorporates the same herein as if those paragraphs were set forth in full.

96. The three defendants Jane Doe, John Doe #1, and John Doe #2 all failed in their duties to protect plaintiff from harm from each other. A duty to protect the rights of plaintiff existed at the time of the incident in question; a special relationship with plaintiff had been established by the nature of the seizure and police custody in effect at the time.

97. The negligence of defendants Jane Doe, John Doe #1, and John Doe #2 directly contributed to the violations of my 4th, 5th, and 6th amendment rights.

98. Defendants Jane Doe, John Doe #1, and John Doe #2 are not entitled to qualified immunity;

it was clearly established at the time of the incident in question that such conduct was illegal.

**Eighth Cause of action:**
**(Negligent supervision: Bivens)**
**(By plaintiff William Emil Samland III against John Doe #2)**

99. Plaintiff realleges all previous paragraphs of this complaint and incorporates the same herein as if those paragraphs were set forth in full.

100. John Doe #2 was negligent as a supervisor. At the time of the incident in question, a special relationship existed between Plaintiff and defendants. It was John Doe #2's duty as a supervisor to keep Jane Doe and John Doe #1 from injuring plaintiff and violating plaintiff's rights. Instead, he actively encouraged and participated in harming the plaintiff and injuring plaintiff's 4th, 5th, and 6th amendment rights.

101. John Doe #2 is not entitled to qualified immunity; it was clearly established at the time of the incident in question that such conduct was illegal.

**Ninth Cause of action:**
**(Freedom of information act: 5 USC § 552)**
**(By plaintiff William Emil Samland III against U.S. Customs and Border Protection)**

102. Plaintiff realleges all previous paragraphs of this complaint and incorporates the same herein as if those paragraphs were set forth in full.

103. I have filed a freedom of information request with U.S. Customs and Border Protection (CBP), which has gone ignored.

104. I have sought information regarding the incident in question, and the CBP has ignored and stonewalled my attempts to get information about what happened. It is apparent that they are attempting to cover up for the illegal, tortuous, and criminal conduct of defendants Jane Doe, John Doe #1, and John Doe #2.

105. The official filing date on my FOIA request is Dec. 25, 2012 (although it was actually filed

on Decmber 21, 2012), so as of this writing it is over 5 months overdue for a response.

**Compensatory Damages**

106. Plaintiff was harmed by the illegal, tortuous, and criminal conduct of defendants Jane Doe, John Doe #1, and John Doe #2 which caused loss of liberty, loss of freedom, mental anguish, emotional distress, terror, anxiety, traumatic stress, post-traumatic stress, embarrassment, and humiliation.

107. The incident was very traumatic, and I have felt the negative emotions since, including mental anguish, emotional distress, terror, embarrassment, and humiliation, as well as physical symptoms including anxiety and rapid heartbeat when thinking back to those troubling memories. I have been emotionally traumatized by the kidnapping and other criminal conduct perpetrated by of defendants Jane Doe, John Doe #1, and John Doe #2, such as the false imprisonment, harassment and other abuse.

108. I am moving for a judgment of $1,000,000 of compensatory damages.

**Punitive Damages**

109. The defendants Jane Doe, John Doe #1, and John Doe #2 acted egregiously and outrageously with malice, oppression and wanton, callous and reckless disregard for me and my rights.

110. Punitive damages are appropriate and necessary; these kinds of abuses are very commonly committed by the border patrol. Further, the attitudes displayed by the defendants Jane Doe, John Doe #1, and John Doe #2 and the Border Patrol as an organization are characterized by a callous disregard for human rights. The border patrol has shown bad faith, from refusing to explain what happened or who the offenders are to covering for the offenders, refusing to cooperate with

the FOIA request, stonewalling, blowing me off on the phone, hanging up on me, etc.

111. In such a social climate of bad faith, non-accountability and perverse incentives within the Border Patrol culture and organization, it is highly likely that punitive damages would be the only meaningful deterrent to such abusive misconduct as has been described in this complaint. I am moving for a judgment of $2,000,000 of punitive damages.

**Injunctive Relief**

112. Plaintiff is seeking injunctive relief in the form of a court order to Border Patrol to fulfill its FOIA obligations, and to provide me with documents that show the full legal names of defendants Jane Doe, John Doe #1, and John Doe #2 and to comply with my FOIA request, eFOIA File Number 2013U00627.

Sincerely,

William Emil Samland III

Dated this 10th of July, 2013