IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**WILLIAM EMIL SAMLAND, III**,

    Plaintiff,

v.                                No. 13cv0648 KG/CEG

**JANE DOE; JOHN DOE #1; JOHN DOE #2;
U.S. CUSTOMS & BORDER PROTECTION,**

    Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING PFRD; DENYING IFP; AND DISMISSING CASE

THIS MATTER comes before the Court on pro-se Plaintiff William Emil Samland, III's *Objection to Proposed Findings and Recommended Disposition by Carmen E. Garza*, filed August 23, 2013 [Doc. 8]. The Court will deny the objections and adopt Magistrate Judge Garza's findings and conclusion that, because it "appears that Samland can afford to pay the filing fees, and because his Complaint fails to state a cognizable federal claim," permission to proceed without prepaying filing fees should be denied and the Complaint should be dismissed without prejudice. Proposed Findings and Recommended Disposition ["PRFD"] at 2 (Doc. 5).

Samland seeks to characterize his "routine permanent [border-patrol] checkpoint stop," which was "brief and unintrusive," and which involved questions concerning his "citizenship or immigration status" as a bus passenger and a "request for documentation," *United States v. Hernandez*, 7 F.3d 944, 946 (10th Cir. 1993), as a constitutionally-impermissible "violent crime" involving "illegal[] abduct[ion]," "kidnapping;" "false arrest;" and "false imprisonment." Doc. 8 at 2. Magistrate Judge Garza concluded that the facts underlying Samland's Complaint described only "a detention and investigatory scenario that has been repeatedly approved of by

the courts." PFRD at 8. Samland seeks to strike Magistrate Judge Garza's PFRD from the record, contending that it is "inappropriate" and "extremely biased" against him. Doc. 8 at 3. He also contends that the PFRD should be stricken because Magistrate Judge Garza drew some inferences from his allegations and took judicial notice, in response to some of his allegations, that many Canadians "are Caucasian and speak English as their primary language." *Id.* at 3; *see* PFRD at 8. The Court disagrees that Magistrate Judge Garza's statement regarding Canadians is "inflammatory," "prejudicial" or "baseless" or that, by making this statement, Magistrate Judge Garza failed to construe the facts Samland alleges in his Complaint in a light most favorable to him.

Samland mischaracterizes the PFRD as a motion to dismiss, *see* Doc. 8 at 4, but he fails to suggest why Magistrate Judge Garza's application of controlling Tenth-Circuit precedent in reviewing his Complaint is erroneous. Further, Samland has failed to state any authority for striking a PFRD that results from issuance of an order of reference from the Court's record, and the Court concludes that there is no legal authority for doing so.

As to Magistrate Judge Garza's conclusion that Samland has failed to show that he cannot pay both for the necessities of life and his filing fees, Samland insists that Magistrate Judge Garza inappropriately failed to include in Samland's list of expenses the payments of $120/month that he allegedly makes on an undescribed "medical device" that allegedly is not covered by his government-provided medical insurance. *See* Doc. 8 at 5. But Samland does not present any facts showing the total cost of the device; proof that it is medically necessary; evidence of when he purchased it and how many payments he has left to pay on it; or proof that medicare and medicaid have refused to reimburse him for those alleged payments. And he does not contradict the implicit finding that the amounts he excessively spends for transportation costs

when he has no job; the $51/month he spends on "recreation;" and the payments for purchases on his credit card and for loans from his mother that apparently are not for "necessities of life" could go towards paying his filing fees.

Although Samland suggests that, if he were permitted to amend his Complaint, he could state a cognizable federal claim against the Border-Patrol Agents under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), *see* Doc. 8 at 1-2, he does not describe any facts that are different from the ones alleged in his Complaint. The Court agrees with Magistrate Judge Garza that Samland's allegations wholly fail to state a cognizable *Bivens* claim under *Hernandez, supra; United States v. Rascon-Ortiz*, 994 F.2d 749, 752-54 (10th Cir. 1993); *United States v. Ray*, 973 F.2d 840, 842-43 (10th Cir. 1992); *Siegert v. Gilley*, 500 U.S. 226, 227 (1991), *overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009); and *Punchard v. United States Bureau of Land Mgmt.*, 180 Fed. App'x 817, 819, 2006 WL 1389107,**2 (10th Cir. May 18, 2006). *See* PFRD at 6-10. On the facts Samland has alleged, amendment of his Complaint would, indeed, be futile.

**IT IS ORDERED** that Samland's motion to proceed ifp [Doc. 2] is DENIED; that his objections [Doc. 8] are DENIED; that the Court adopts the August 7, 2013 PFRD; and that his Complaint is DISMISSED WITHOUT PREJUDICE.

_____
**UNITED STATES DISTRICT JUDGE**