IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**WILLIAM EMIL SAMLAND, III**,

    Plaintiff,

v.                                                                                                                No. 13cv0648 KG/CEG

**JANE DOE; JOHN DOE #1; JOHN DOE #2;
U.S. CUSTOMS & BORDER PROTECTION,**

    Defendants.

## ORDER DENYING RECONSIDERATION

**THIS MATTER** comes before the Court on pro-se Plaintiff William Emil Samland, III's Motion for Reconsideration, filed November 22, 2013 (Doc. 11). Because the motion was filed thirty days after the Court entered its final judgment dismissing Samland's Complaint, it is construed as a motion for relief from final judgment under Federal Rule of Civil Procedure 60(b). *See* Fed. R. Civ. P. 59(b) (requiring motions to set aside a judgment under Rule 59 to be filed "no later than 28 days after the entry of judgment"); Fed. R. Civ. P. 60(c)(1) (providing that motions for relief from judgment under Rule 60(b)(1), (2), or (3) must be filed "no more than a year after the entry of judgment" and that motions brought under subsections (4), (5), and (6) must be brought "within a reasonable time."); *Aldridge v. United States Attorney Gen.*, No. 10–1305, 412 Fed. App'x 130, 132, 2011 WL 465715, *1 (10th Cir. Feb. 10, 2011) (holding that, "because [the] motion [for reconsideration] was provided to prison officials for mailing[1] more

---

[1] Because Samland is not incarcerated, the prison mailbox rule does not apply to him. *See Price v. Philpot*, 420 F.3d 1158, 1162-63 (10th Cir. 2005) (discussing the genesis and application of the prison mailbox rule). Therefore, like all pro-se litigants who have not requested permission to file motions or other documents electronically, he must ensure that the Court receives his mailed documents by a deadline date if he desires for them to be filed by a certain deadline.

than twenty-eight days after entry of judgment, it is construed as a Fed. R. Civ. P. 60(b) motion for relief from judgment rather than a Fed. R. Civ. P. 59(e) motion to alter or amend judgment. *See Ysais v. Richardson*, 603 F.3d 1175, 1178 nn. 2, 3 (10th Cir. 2010).  Although a Rule 59(e) motion tolls the time to file a notice of appeal, a Rule 60(b) motion filed more than twenty-eight days after judgment does not.  *See* Fed. R. App. P. 4(a)(4)(A)(iv), (vi)").  The Court will also strike Samland's concurrently-filed *Motion for a More Definite Statement* (Doc. 12), which is baseless and frivolous because the Court has already carefully explained to Samland why it denied IFP and dismissed his Complaint.

"Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Schmier v. McDonald's LLC*, 569 F.3d 1240, 1242 (10th Cir. 2009).  Under Rule 60(b),

> the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

The basis of Samland's motion to reconsider is his contention that dicta in an unpublished Tenth-Circuit case, which Samland failed to cite in his Objections to the Magistrate Judge's Report and

Recommendations, requires the Court to reconsider and reverse the dismissal of his case. *See* Doc. 11 at 2-3.  It is, therefore, clear that Rules 60(b)(1)-(5) do not apply in the circumstances described here, so the Court will analyze Samland's motion under Rule 60(b)(6).

> Relief under Rule 60(b)(6) "is appropriate only when it offends justice to deny such relief.  The denial of a 60(b)(6) motion will be reversed only if we find a complete absence of a reasonable basis and are certain that the decision is wrong." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1232 (10th Cir. 1999) (quotations and citations omitted).

*Creamer v. Laidlaw Transit, Inc.*, No. 03–1019, 76 Fed. App'x 273, 275, 2003 WL 22255929, *1 (10th Cir. Oct. 2, 2003).

Samland contends that the following language, found in dicta in a footnote in a Tenth Circuit unpublished opinion, proves that he is entitled to bring a *Bivens* claim against the Border Patrol Agents who removed him from a bus at a permanent checkpoint because he refused to answer any questions or produce documentation regarding his identity or citizenship without the presence of a lawyer:

> The lack of thorough findings on the issue of Ramirez's consent to disembark for further questioning, though not grounds for reversal, is troubling.  In the absence of consent, Davila would have needed a reasonable suspicion of criminal activity to support this investigative detention. reject the suggestion that absent consent, "suspicious circumstances" would suffice to justify Ramirez's removal from the bus.  While a motorist may be referred to a secondary checkpoint based on suspicious circumstances, or even in the absence of suspicious circumstances, *see Sanders*, 937 F.2d at 1499-1500, the degree of intrusion that such a referral entails is much less than that experienced by a bus passenger who is removed from a bus to a separate building for interrogation.

*United States v. Ramirez*, No. 97-2347, 1999 WL 100891,*2 n.1 (10th Cir. March 1, 1999) (unpublished).

But the facts in *Ramirez* are very different from the facts in this situation.  There, Ramirez, the bus passenger, had *already answered* the border patrol agents' questions about his

3

citizenship and had produced a New Mexico driver's license before the officer returned to where Ramirez was sitting to ask *more* questions.  *See id.* at *1.

> Ramirez appeared nervous, and his hand trembled.  During the second encounter, Ramirez volunteered that he had gone to El Paso to drop off his mother at the airport and was traveling to Albuquerque with toys for his children.  Based on the volunteered information and Ramirez's nervousness, Davila asked Ramirez to step off the bus and into a nearby checkpoint trailer for further questioning.

*Id.*  The Tenth Circuit held that the agent did not violate Ramirez's rights by questioning him a second time while on the bus.

> Fourth Amendment jurisprudence allows a border patrol agent to board a bus at a fixed border checkpoint and briefly question passengers regarding citizenship, immigration status, and any suspicious circumstances.  *See United States v. Hernandez*, 7 F.3d 944, 946 (10th Cir. 1993).  Such questioning is permitted in the absence of any individualized suspicion to prevent the influx of unauthorized aliens and contraband into the United States, *see United States v. Sanders*, 937 F.2d 1495, 1500 (10th Cir. 1991), and because such stops pose only a minimal intrusion into an individual's privacy.  *See United States v. Martinez-Fuerte*, 428 U.S. 543, 561-64, 96 S. Ct. 3074, 49 L.Ed.2d 1116 (1976); *United States v. Ludlow*, 992 F.2d 260, 262-63 (10th Cir.1993).  Given the deference afforded a border patrol agent's determination of suspicious circumstances, *see Hernandez*, 7 F.3d at 946, and the brief and unobtrusive nature of Davila's questions, Davila possessed sufficient justification to return to question Ramirez while still on the bus.

*Id.* at *2.  The Court affirmed the district court's ruling that Ramirez consented to get off of the bus for further questioning inside a trailer at the checkpoint, *id.*, but in dicta, it added the footnote that Samland quotes *supra* -- that an agent needs a "reasonable suspicion of criminal activity to support [an] investigative detention" off of a bus.  In Samland's situation, in which he refused to answer the most basic questions regarding his citizenship and identity and demanded the assistance of an attorney before doing so, the Border Patrol agents certainly had a reasonable suspicion that Samland was unlawfully present in the United States without a visa or other permit, and had no choice but to remove Samland from the bus until he answered the questions.

Samland has failed to show that it offends justice not to set aside the Court's judgment dismissing his Complaint.

Further, Samland fails to even raise an argument regarding the other basis for dismissal - that Samland failed to establish that he is indigent and cannot pay both for his filing fees and the necessities of life.

**IT IS ORDERED** that Samland's motion to reconsider (Doc. 11) is DENIED and his frivolous motion for a more definite statement (Doc. 12) is STRICKEN from the record.

_____
**UNITED STATES DISTRICT JUDGE**